No. 3717

Second Circuit

### RUSSELL v. LOUISIANA OIL REFINING CORPORATION

(March 24, 1930. Opinion and Decree.)

Edward Barnett, of Shreveport, attorney for plaintiff, appellee.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellant.

DREW, J. This suit grows out of an automobile accident that happened at the intersection of Pierre avenue and Ford street in the city of Shreveport, La.

Plaintiff, driving a Ford sedan, was traveling north on Pierre avenue, and defendant's car, driven by one of its employees, on a mission of duty for the defendant corporation, was traveling west on Ford street.

All four sides of this intersection have "Slow" signs, and neither street is a right of way street. Plaintiff, it is shown, on reaching the intersection, slowed down to eight or ten miles an hour before proceeding into the intersection, and had passed the center of the intersection when he was struck by defendant's car, which was traveling at least twenty miles per hour, or more than twice as fast as plaintiff's car. Defendant's car did not slow up its speed on entering the intersection, and the uncontradicted testimony in the record is that the driver of the car stated that there were no brakes on the car and that he could not slow up. When he saw that he was going to run into plaintiff's car, he attempted to turn to the right and cut around him, but failed. Plaintiff's car was turned completely around by the impact of defendant's car, and defendant's car proceeded down the street a distance of from thirty feet to two hundred yards, as testified by witnesses, before it could be brought to a stop. The preponderance of the testimony is that defendant's car ran nearly the distance of half a block before it was stopped and returned to the scene of the accident, which indicates that it was making considerable speed at the time it ran into plaintiff's car.

Plaintiff used every care and precaution in attempting to cross the intersection. He reduced the speed of his car to ten miles an hour, was traveling on the right-hand side of the street, and had his car under control. Defendant's driver was traveling at an excessive rate of speed to cross the intersection, did not reduce the speed of his car on approaching the intersection, and was driving the car without brakes. He was grossly negligent and his negligence was the sole cause of the accident.

Plaintiff sued for the sum of $300, and the lower court rendered judgment in his favor for the sum of $125. Plaintiff, appellee, has answered the appeal, and prays that the judgment of the lower court be increased to $300. The evidence shows that plaintiff's car can be repaired and put in good running order for $125. It was a secondhand car when plaintiff bought it for $300 and had been used by him for two years.

We think the award of the lower court is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the city court of the city of Shreveport, La., be affirmed. Defendant, appellant, to pay the cost of the appeal.